**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
CHERI M. APPLEGATE GAMBIL,          :   CIVIL ACTION NO. 08-4297 (MLC)
                                    :
     Plaintiff,                     :        MEMORANDUM OPINION
                                    :
     v.                             :
                                    :
WAL-MART STORES, INC., et al.,      :
                                    :
     Defendants.                    :
                                    :
```

    **THE COURT** ordering the plaintiff to show cause why (1) the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, or (2) the action should not be transferred to the United States District Court for the District of New Mexico under Section 1404 (dkt. entry no. 7, Order to Show Cause ("OTSC")); and the plaintiff bringing this action (1) to recover damages for personal injuries suffered while "walking in the book section of [a] store, when she was caused to fall over a disassembled merchandise shelf that was left partially obstructing one of the isles [sic]" in New Mexico, which is within the federal district for the District of New Mexico, and (2) against the defendant Wal-Mart Stores, Inc. ("WMSI") and a defendant identified as "Creamland Dairies, Inc." ("Creamland Entity") (dkt. entry no. 1, Compl. at 3); and

    **THE COURT** being concerned about the Creamland Entity's citizenship (see OTSC at 2-4); but it appearing that, based on the

plaintiff's response and the Court's own research, jurisdiction under Section 1332 has now been demonstrated for the purposes of the Order to Show Cause (see dkt. entry no. 8, Pl. Resp.);[1] and the Court thus intending to vacate the part of the Order to Show Cause concerning jurisdiction; but

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995);[2] and

**IT APPEARING** that this action would have been more properly brought in the District of New Mexico, where (1) the injuries arose and the premises are located, (2) a court will be familiar with the site at issue, (3) most of the non-party witnesses probably live, work, and can be compelled to testify, (4) evidence will be found, (5) controlling New Mexico law will be easily applied, and (6) citizens will have an interest in the outcome, see Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5

---

[1] It appears that (1) the plaintiff is a New Jersey citizen, (2) WMSI is deemed to be a citizen of Delaware and Arkansas, and (3) Deans Foods Co., incorrectly named as the Creamland Entity, is deemed to be a citizen of either Texas alone or both Delaware and Texas. (See Compl. at 2; dkt. entry no. 3, WMSI Answer at 1 (admitting citizenship allegation as to WMSI); Pl. Resp. at 2; dkt. entry no. 9, Orecchia Cert., Ex. 3, Corporate Data; id., Ex. 4, Proposed Am. Compl. at 3.)

[2] WMSI has objected to the New Jersey venue. (See WMSI Answer at 1, 4.)

(D.N.J. Aug. 18, 2008) (granting part of motion seeking transfer to Nevada even though plaintiff was citizen of — and medically treated in — New Jersey, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) District of Nevada is more familiar with Nevada law, and (4) relevant evidence found in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (granting motion to transfer to Virginia even though plaintiff was citizen of Pennsylvania, as defendant operated facility at issue and accident occurred in Virginia); Jolly v. Faucett, No. 06-3286, 2007 WL 137833, at *3 (E.D. Pa. Jan. 16, 2007) (granting motion to transfer to Maryland even though plaintiff was Pennsylvania citizen, as (1) accident occurred in Maryland, and (2) Maryland law applied); and it appearing that the venue where a plaintiff is receiving medical treatment for an injury does not control, Rahwar v. Nootz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (rejecting plaintiff's argument — in granting motion to transfer — that action should be in plaintiff's home venue where medical treatment was ongoing); Nanni v. Meredith Paving Corp., No. 94-7260, 1995 WL 128033, at *1-*2 (E.D. Pa. Mar. 24, 1995) (same); see Riddle v. Am. Airlines, No. 06-5100, 2007 WL 773758, at *1 n.1 (D.N.J. Mar. 9, 2007) (transferring action to accident venue even though plaintiff opposed transfer due to her health, as plaintiff had been able to travel to accident venue initially);

and it appearing that the convenience of counsel is not a consideration as to the issue of proper venue, see Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973); and

**THE COURT** thus advising the plaintiff of the intention to transfer the action to the District of New Mexico (see OTSC at 4-6); and the Court presenting all of the aforementioned case law in the Order to Show Cause (id. at 5-6);

**THE PLAINTIFF** opposing a transfer (Pl. Resp. at 3-4); and the plaintiff arguing, inter alia, that (1) New Jersey would be a proper venue because "the nature of the area . . . where the accident occurred . . . would [not] be a hotly contested issue", as "the entire factual basis for the slip and fall was confined to a very specific area completely covered by video tape", and providing a video tape (id. at 3), (2) "[t]here are no factual disputes as to how the accident occurred.  The only issue in the present matter is the extent of Plaintiff['s] injuries" (id.), (3) "[i]t would be an extreme hardship and inconvenience for the Plaintiff to transport all of her medical providers from New Jersey to New Mexico", and listing her medical providers (id.), and (4) "the Defendants are large Corporations and can easily easily absorb the cost of litigating in a foreign court.  Due to the extreme distance and cost of travel to New Mexico it will be impossible for Plaintiff to pursue this matter if the forum was [sic] changed to New Mexico" (id. at 4); but

**IT APPEARING** that the plaintiff's arguments concerning the certainty of the place and manner of the incident at issue are merely conclusory; and it further appearing that the plaintiff's arguments concerning her medical treatment in New Jersey, and the inconvenience and expense that she will encounter by litigating in New Mexico, are without merit and ignore all of the case law already presented in the Order to Show Cause; and

**THE COURT** thus intending to (1) grant the part of the Order to Show Cause concerning venue, and (2) transfer the action to the District of New Mexico; and for good cause appearing, the Court will issue an appropriate order.

                                               s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge

Dated: January 12, 2009